UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MICHIGAN

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,

        Plaintiff

v.

PAMELA JOHNSON (individually and in her fiduciary capacity), LINDA OELBERG (individually and in her fiduciary capacity), ROBERT JOHNSON, JR., MICHAEL JOHNSON, THOMAS D. JOHNSON, JR, THOMAS D. JOHNSON, and FLORENCE JOHNSON REVOCABLE LIVING TRUST

        Defendants.

Case No.
Hon.

---

DICKINSON WRIGHT PLLC
Kimberly J. Ruppel (P55138)
Attorney for Plaintiff
2600 West Big Beaver Road, Suite 300
Troy, MI 48084-3312
(248) 433-7200

---

## FIDELITY & GUARANTY LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Plaintiff Fidelity & Guaranty Life Insurance Company ("FGLIC"), by its attorneys Dickinson Wright PLLC, for its Complaint for Interpleader states as follows:

### Parties, Jurisdiction and Venue

1. FGLIC is an Iowa corporation with its principal place of business in Baltimore, Maryland, and is duly licensed to conduct the business of an insurance company within the State of Michigan.

2. This action concerns disbursement of annuity payments in connection with four annuity contracts issued by FGLIC, policy numbers: L9162107, L9162108, L9162109 and L9162110 (collectively the "Policies"), by which the decedent, Florence Ann Johnson ("Mrs. Johnson" or the "Decedent"), was insured. (See attached as Exhibits A, B, C and D).

3. Upon information and belief, the Decedent last resided at 2472 8 Mile Road, Kawkawlin, Michigan.

4. Upon information and belief, Defendant Pamela Johnson resides at 1393 West Pinconning, Pinconning, Michigan 48650-8973.

5. Upon information and belief, Defendant Linda Oelberg resides at 4155 Karla Court, Midland, Michigan 48642-9241.

6. Upon information and belief, Defendant Robert Johnson, Jr. resides at 179 West Seidlers Road, Kawkawlin, Michigan 48631-9728.

7. Upon information and belief, Defendant Michael Johnson resides at 10166 Saluda Avenue, San Diego, California 92126.

8. Upon information and belief, Defendant Thomas D. Johnson resides at the Michigan Reformatory at 1342 West Main, Ionia, Michigan 48846 (MDOC # 198287; SID # 0880788T).

9. Upon information and belief, Defendant Thomas D. Johnson, Jr. resides at 611 Bradfield Street, Bay City, Michigan 48706-3913.

10. The amount in controversy in this Complaint exceeds $422,000 (the "Proceeds"), which represents the entire proceeds of the combined Policies.

11. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

12. Plaintiff brings its Complaint for Interpleader under Fed. R. Civ. P. 22(1).

13. Venue in this action is properly laid in the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1397.

### Benefits Payable

14. Mrs. Johnson was the owner of the Policies, which provided, among other things, for succession of ownership and payment of benefits upon her death to her designated beneficiary or beneficiaries.

15. At the time of application for the Policies on or about July 3, 2007, the individual Defendants: Pamela Johnson; Linda Oelberg; Robert Johnson, Jr.; Michael Johnson; Thomas D. Johnson, Jr.; and Thomas D. Johnson, were

designated as the primary beneficiaries for each of the respective Policies. (See the last page of Exhibits A, B, C and D, respectively).

16. Upon information and belief, Mrs. Johnson passed away on March 15, 2014.

17. Prior to Mrs. Johnson's death, Plaintiff did not receive any written request to change any of her beneficiaries.

18. At no time did Mrs. Johnson designate a contingent beneficiary.

19. Each of the Policies defines "beneficiary" in pertinent part as follows: "The person last named by the Owner or his or her designee to receive the proceeds upon the death of the Owner." (Exhibits A, B, C and D at p. 3). A beneficiary may be changed by written request. (Exhibits A, B, C and D at p. 4).

20. Each of the Policies provides that upon the death of Mrs. Johnson, ownership passes and death benefits are payable in the following order: to the surviving joint owner; or if none, then to the surviving beneficiary; or if none, then to the surviving contingent beneficiary; or if none, then to the estate of the last owner to die. (Exhibits A, B, C and D at p. 6).

21. The full surrender amount payable pursuant to the Policies as of October 8, 2013 exceeds $422,000, (the "Proceeds").

## Dispute Giving Rise to Interpleader Claim

22. At the time of Mrs. Johnson's death, on March 15, 2014, Plaintiff's records indicated that the designated beneficiaries of the Policies were the individual Defendants: Pamela Johnson; Linda Oelberg; Robert Johnson, Jr.; Michael Johnson; Thomas D. Johnson, Jr.; and Thomas D. Johnson.

23. On or about April 3, 2014, Plaintiff received correspondence from the agent who placed the Policies, Tim Walworth, asserting that the beneficiaries had been changed effective December 2, 2013 such that the designated beneficiary should purportedly be the Defendant "Florence Johnson Revocable Living Trust" (the "Trust"). (Exhibit E).

24. In response to Plaintiff's request that Mr. Walworth provide additional information, Plaintiff received a copy of Letters of Conservatorship naming Defendant Pamela Johnson as the Conservator of the Estate of Florence Johnson, effective February 3, 2003. (Exhibit F).

25. Plaintiff also received copies of what purport to be the Last Will and Testament ("Will") and the Revocable Living Trust of Florence Johnson ("Trust"), both dated July 2, 2007. The Will and the Trust were both executed by Defendant Pamela Johnson as "POA" (believed to signify claimed power of attorney) and witnessed by Mr. Walworth. Copies of the Will and Trust are believed to be in the possession of the Defendants.

26. Plaintiff also received a typed, undated, notarized statement of Defendant Pamela Johnson, indicating that she and unnamed others met with an unidentified agent on December 2, 2013 "in order to change the beneficiary to the Florence A. Johnson Revocable Living Trust." (Exhibit G). The statement was notarized by Mr. Walworth. (Exhibit G).

27. Additionally, Plaintiff received an undated, handwritten notarized statement purportedly signed by Defendants Thomas Johnson, Thomas Johnson Jr., Linda Oelberg, Robert R. Johnson, Michael Johnson and Pamela Johnson which indicated that "it would better meet the needs of everyone involved if the Florence A. Johnson Revocable Living Trust were the beneficiary." (Exhibit H). The statement was notarized by Mr. Walworth. (Exhibit H).

28. Neither of the foregoing statements identified any of the Policies.

29. Although none of the Defendants have yet asserted a claim to the Proceeds, each may do so.

30. Exposed to the possibility of multiple liability from adverse claims against the Policies for the unpaid Proceeds, FGLIC cannot safely pay the Proceeds to any Defendant.

31. Upon information and belief, the Defendants are unwilling or have been unable to reach an agreement regarding the Proceeds, thus necessitating the filing of this action.

## Claim for Interpleader

32. FGLIC admits that it has no claim upon the $422,000 in Proceeds remaining due and owing under the Policy, and alleges that it is willing to pay this amount, to such person or persons as may lawfully be entitled to the same and to whom it can pay the same in safety and in full satisfaction of all claims under the Policies pertaining to Mrs. Johnson. FGLIC hereby offers and is hereby ready to deliver the Proceeds to such person or persons as this Court may direct.

33. FGLIC further alleges that it has not brought and does not bring this Complaint for Interpleader at the request of any or all of the Defendants; that there is no fraud or collusion between Plaintiff and any or all of the Defendants; that FGLIC has not been indemnified by any or all of the Defendants with respect to the matters involved in this cause; and that FGLIC brings this Complaint for Interpleader of its free will as to avoid being molested, vexed, and harassed by conflicting and multiple claims.

34. FGLIC brings this cause so that this Court may declare the rights and other legal relations of Plaintiff and Defendants with respect to those benefits presently payable under the Policies pertaining to Mrs. Johnson.

WHEREFORE, FGLIC prays:

(a)     That Defendants named herein be required to answer this Complaint for Interpleader so as to settle their rights in the life insurance proceeds of the Policies pertaining to Mrs. Johnson.

(b)     That FGLIC be permitted to pay over to the Clerk of the Court the sum of 422,000, plus any applicable interest.

(c)     That this Court determine to whom the Proceeds in the amount of $422,000 under the Policies are due and owing.

(d)     That upon the payment of the Proceeds into the Court or to such person or persons as the Court shall direct, FGLIC be discharged of any and all liability to Defendants, and to such other persons as may appear to have an interest herein, and who may be subsequently appearing as parties in this cause; and to all other persons whatsoever from any and all claims under or by virtue of the Policies.

(e)     That Defendants named herein, and such other persons as may appear to have an interest herein and who may subsequently appear as parties in this cause, and their solicitors, counselors, attorneys and agents, upon determination by this Court of the matters herein contained, remain enjoined and restrained by the order of this Court from instituting and prosecuting any action in any Court in any

city to recover proceeds under the Policies issued by Plaintiff or proceeding on account of any right arising out of the Policies.

(f) That Defendants, and such other persons as may appear to have an interest herein and who may subsequently appear as parties in this cause and their solicitors, counselors, attorneys and agents, upon the determination by the Court of the matters contained herein, be enjoined and restrained by the Final and Perpetual Injunction of this Court from instituting and/or prosecuting any suit or proceedings under the Policy or proceeding on account of any right arising out of the Policy, such Final Perpetual Injunction to be in a form consistent with any Final Order or Judgment entered in this cause.

(g) That FGLIC be decreed a reasonable amount to defray its costs and attorneys' fees incurred in the bringing of this Complaint for Interpleader which it was compelled to institute through no fault of its own.

(h) That FGLIC have such other and further relief as equity and good conscience may require and this Court may deem just.

DICKINSON WRIGHT PLLC

/s/ Kimberly J. Ruppel
Kimberly J. Ruppel (P55138)
Attorneys for Plaintiff
2600 West Big Beaver Rd, Ste. 300
Troy, MI 48084
248-433-7200

Dated: March 10, 2015
BLOOMFIELD 59872-2 1454744v2

9