UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FIDELITY & GUARANTY LIFE INSURANCE
COMPANY,

        Plaintiff,                            Case No. 15-cv-10879

v.                                         Honorable Thomas L. Ludington

PAMELA JOHNSON, individually and as Trustee
of the Florence Johnson Revocable Living Trust,
LINDA OELBERG, individually and as Trustee
of the Florence Johnson Revocable Living Trust,
ROBERT JOHNSON, JR.,
MICHAEL JOHNSON,
THOMAS D. JOHNSON, JR.,
THOMAS D. JOHNSON,
FLORENCE JOHNSON REVOCABLE LIVING
TRUST,

        Defendants.

_____/

**ORDER DENYING MOTION TO PAY FUNDS INTO COURT, DISCHARGE
LIABILITY, AND FOR RECOVERY OF ATTORNEY FEES AND DISMISSING
INTERPLEADER COMPLAINT WITH PREJUDICE**

This interpleader action was initiated by Plaintiff Fidelity & Guaranty Life Insurance Company on March 10, 2015. *See* Pl.'s Compl., ECF No. 1. Fidelity alleges that it is the holder of four annuity contracts owned by decedent Florence Johnson pursuant to life insurance policies ("Policies") she had obtained. Fidelity alleges that Mrs. Florence Johnson passed away on March 15, 2014. *Id*. at ¶ 16. Plaintiff initiated this action because it fears that it is "[e]xposed to the possibility of multiple liability from adverse claims against the Policies for the unpaid Proceeds[.]" *Id*. at ¶ 30. Plaintiff believes that it "cannot safely pay the Proceeds [of the Policies] to any Defendant." *Id*.

Plaintiff first attempted to achieve disposition of the Policies' funds by stipulation. *See* Stipulation, ECF No. 10. The stipulation was rejected because the individual Defendants, having signed the stipulation, had not filed pro se appearances. The parties were directed to bring the stipulation into compliance with the Local Rules. *See* July 15, 2015 Order Rejecting & Striking Stipulation, ECF No. 14.

After the stipulation was rejected and stricken, attorney Rustin A. Schisler filed an appearance on the docket on behalf of all Defendants. *See* Notice of Appearance, ECF No. 16. Plaintiff then moved to pay the funds associated with the Policies into the Court, obtain a discharge of all liability, and to recover attorney fees. *See* Pl.'s Mot., ECF No. 17. The motion will be denied and the interpleader action dismissed with prejudice.

**I.**

According to Fidelity's records, at the time of Mrs. Florence Johnson's death "the designated beneficiaries of the Policies were the individual Defendants: Pamela Johnson; Linda Oelberg; Robert Johnson, Jr.; Michael Johnson; Thomas D. Johnson, Jr.; and Thomas D. Johnson." *Id*. at ¶ 22.

On April 3, 2014, Fidelity was contacted by "the agent who placed the Policies, Tim Walworth[.]"[1] Mr. Walworth informed Fidelity that "the beneficiaries had been changed effective December 2, 2013 such that the designated beneficiary should purportedly be the Defendant 'Florence Johnson Revocable Living Trust[.]'" *Id*. at ¶ 23. Fidelity sought additional information concerning this alleged change in beneficiary, but was unable to satisfy itself that the beneficiaries of the Policies had indeed changed. As a result, Fidelity believes that "[a]lthough none of the Defendants have yet asserted a claim to the [p]roceeds [of the Policies], each may do so." *Id*. at ¶ 29.

---

[1] Fidelity does not indicate whether Mr. Walworth was an agent of Florence Johnson or an agent of Fidelity.

To protect itself from multiple liability and because "[u]pon information and belief, Defendants are unwilling or have been unable to reach an agreement regarding the Proceeds", Fidelity filed an interpleader complaint. *Id.* at ¶¶ 29 & 31. Fidelity does not plead specific facts in support of its allegation that Defendants cannot reach an agreement as to the Proceeds. Fidelity does, however, allege that all six individual Defendants—also the entire class of beneficiaries under the Policies—represented in signed letters that they desired the funds be paid into the Florence Johnson Revocable Living Trust. *Id.* at ¶ 27.

## II.

Under Federal Rule of Civil Procedure 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting Fed. R. Civ. P. 22(1)).

## III.

Fidelity seeks to use Rule 22 interpleader to discharge itself from liability by paying the funds into the Court so that Defendants may use this forum to resolve beneficiary claims under the Policies. Fidelity will not be permitted to do so because there is no real adversity between the Defendants.

A necessary "prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other." *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 642 (6th Cir. 2007) (quoting 7 Charles Alan Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 1705 (3d ed.). This requires that "there is a real controversy between the adverse claimants." *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72 (1939).

Defendants, for their part, do not evince any disagreement as to the disposition of the proceeds. While they have not answered Fidelity's interpleader complaint and have not responded to Fidelity's interpleader motion, the only allegation of conflict is Fidelity's bare claim that Defendants cannot reach an agreement concerning the proceeds. *See* Pl.'s Compl. ¶ 31, ECF No. 1. Fidelity's complaint, however, does not allege any fact in support of that claim. Rather, the facts alleged suggest the contrary: that the individual Defendant's all agree that the Policies' proceeds should be paid to the Florence Johnson Revocable Living Trust. *See id.* at ¶ 27. Thus, there is no real conflict or controversy between Defendants. Although there is a fair claim by Fidelity that conflicting claims *could* arise there is no evidence that it has, or that it reasonably *would*. All beneficiaries are willing to release their claims to the proceeds in favor of payment to the Trust. This is sufficient to defeat adversity. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (only finding requisite interpleader adversity where beneficiaries refused to release conflicting claims to proceeds).

Furthermore, even if there was a conflict between potential beneficiaries, this is not, based on the facts alleged, the type of conflict appropriately resolved by interpleader. In general, interpleader operates to permit the interpleader plaintiff to avoid "the vexation of defending multiple claims to a limited fund . . . that is under [its] control." 7 Charles Alan Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 1704 (3d ed.). "[G]ood faith requires a real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). Fidelity has not alleged that if one of the individual Defendants insisted upon his or her share of the proceeds that the Policies' proceeds would then be subject to double liability. It is entirely possible that only the remaining

proceeds, less those paid to the individual beneficiary, would be payable to the Trust. But again, this is mooted by the representations of the beneficiaries.

Lastly, assuming there is a beneficiary conflict that does not give rise to liability in excess of the fund amount, the conflict is not appropriate for interpleader. "Insurance companies regularly encounter disputes between multiple claimants to a policy's benefits. Making a determination as to which claim prevails is the ordinary business of insurance companies." *Banner Life Ins. Co. v. U.S. Bank, NA*, 931 F. Supp. 2d 629, 632 (D. Del. 2013).[2] Shifting that responsibility to the federal courts by use of interpleader abuses Rule 22 when the claimants are not truly adverse. It goes without saying, then, that Fidelity's motion for attorney's fees will also be denied. *Id*. ("The awarding of attorney fees in an interpleader complaint is committed to the sound discretion of the trial court." (internal quotation marks omitted)).

Accordingly, it is **ORDERED** that Fidelity & Guaranty Life Insurance Company's Motion to Pay Funds into the Court, for a Complete and Total Discharge, and for Recovery of Attorney Fees, ECF No. 17, is **DENIED**.

It is further **ORDERED** that Fidelity & Guaranty Life Insurance Company's Interpleader Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated: November 3, 2015                           s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2015.

                                                  s/Michael A. Sian
                                                  MICHAEL A. SIAN, Case Manager

---

[2] Although *Banner* was addressing the award of attorney's fees following a stipulation that resolved dual claimants to insurance proceeds, the guidance it provides is nevertheless appropriate in this case.